IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OTIS LEE RODGERS,**

    **Plaintiff,**

    **vs.**
                                                    Civil Action 2:14-cv-453
                                                         Judge Frost
                                                         Magistrate Judge King

**STATE OF OHIO,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated in the State of California, brings this civil rights action under 42 U.S.C. § 1983 alleging that the Ohio Adult Parole Authority has lodged a detainer against him in violation of plaintiff's constitutional rights. The *Amended Complaint*, ECF 6, seeks declaratory, injunctive and monetary relief. This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.[1]

Plaintiff's claim under 42 U.S.C. § 1983 arising out of the parole detainer lodged against him cannot proceed at this juncture because a judgment in his favor would necessarily imply the invalidity of the detainer. *See Heck v. Humphrey*, 512 U.S. 477 (1994). Before this Court can consider plaintiff's claim for damages based on the

---

[1] The case was initiated in the Central District of California, was subsequently transferred to the Eastern District of California, *Order*, ECF 4, and was thereafter transferred to this Court at plaintiff's request, *Order*, ECF 24.

issuance of the parole detainer, plaintiff must establish that the detainer "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. 28 U.S.C. § 2254." *Heck v. Humphrey*, at 486-87 (1994). *See also Munofo v. Alexander,* 47 Fed. Appx. 329 (6th Cir. Sept. 20, 2002)(Because prisoner had not successfully challenged the parole detainer through appropriate remedies, his § 1983 suit was barred by *Heck v. Humphrey*). The fact that plaintiff is not yet in the physical custody of Ohio's parole officials will not serve to foreclose habeas corpus remedies to him. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)(Habeas corpus relief is not limited to immediate release from illegal custody, but is also available to attack future confinement or to obtain future release.).

It is therefore **RECOMMENDED** that plaintiff's claim for damages under 42 U.S.C. § 1983 be **DISMISSED** for lack of subject matter jurisdiction and for failure to state a claim for relief. It is **FUTHER RECOMMENDED** that, should plaintiff decide to pursue in this action a claim for habeas corpus relief under 28 U.S.C. § 2254, he be required to file a petition for a writ of habeas corpus consistent with the provisions of Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Clerk is **DIRECTED** to provide to plaintiff a form habeas corpus petition.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                                  *s/ Norah McCann King*
                                                  Norah M$^c$Cann King
                                                  United States Magistrate Judge

Date: May 21, 2014