IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**OTIS LEE RODGERS,**

    **Petitioner,**

                                                             Civil Action 2:14-cv-453
    **vs.**                                                       Judge Frost
                                                       Magistrate Judge King

**STATE OF OHIO,** *et al.***,**

    **Respondents.**

**OPINION & ORDER**

    Petitioner, who is currently incarcerated in California, filed an action in the United States District Court for the Central District of California asserting claims for damages under 42 U.S.C. § 1983 in connection with a detainer lodged against him by the Ohio Adult Parole Authority. ECF 1.  The action was thereafter transferred to the Eastern District of California, *Order*, ECF 4, and petitioner's application for leave to proceed *in forma pauperis* was granted. *Order*, ECF 8. Petitioner's request to transfer the case to this Court, ECF 23, was also granted. *Order*, ECF 24.

    On May 21, 2014, the United States Magistrate Judge recommended that petitioner's claims for monetary damages under 42 U.S.C. § 1983 be dismissed.  *Report and Recommendation*, ECF 27 (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)).  The Magistrate Judge also commented, "[S]hould plaintiff decide to pursue in this action a claim for habeas corpus relief under 28 U.S.C. § 2254, he [should] file a petition for a writ of habeas corpus consistent with the provisions of Rule 2 of

1

the Rules Governing Section 2254 Cases in the United States District Courts.  *Id*. at PAGEID #184. Petitioner thereafter filed a *Petition for a Writ of Habeas Corpus*, ECF 32.  This matter is now before the Court on petitioner's objection to the *Report and Recommendation*. *Objection,* ECF 33.  The Court will consider the matter *de novo.*  *See* 28 U.S.C. § 636(b);  Fed. R. Civ. P. 72(b).

Petitioner asks that he be permitted to pursue in this action claims under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254.  He does not appear to disagree with the Magistrate Judge's conclusion that this Court lacks subject matter jurisdiction over his claims under § 1983 because he has not yet successfully challenged the parole detainer through habeas corpus proceedings or other appropriate means. *See Munofo v. Alexander*, 47 Fed. Appx. 329 (6th Cir. Sept. 20 2002). Rather, petitioner appears to base his objection entirely on the fact that he was assessed a $350.00 filing fee when his application for leave to proceed *in forma pauperis* was granted.

It was petitioner who filed a civil complaint asserting claims under § 1983.  The Prison Litigation Reform Act ("PLRA") requires that a prisoner who asserts such claims be assessed the full filing fee. 28 U.S.C. § 1915(b).  That is true even where, as here, the Court concludes that the claims originally asserted cannot proceed.  The fact that petitioner was permitted to transform this action into a habeas corpus action under § 2254, which is not governed by the PLRA, *see Smith v. Angelone*, 111 F.3d 1126, 1130 (4th Cir. 1997)(and cases cited therein), does not require that this Court exercise jurisdiction

2

over plaintiff's claims under § 1983.

Having considered *de novo* petitioner's objections and the record in this action, the Court **DENIES** petitioner's objections to the *Report and Recommendation*. The *Report and Recommendation*, ECF 27, is **ADOPTED AND AFFIRMED**. Petitioner's claims under 42 U.S.C. § 1983 are **DISMISSED**. The action may proceed as an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

For the reasons set forth above and in the *Report and Recommendation*, ECF 27, the Court hereby **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Opinion & Order is not taken in good faith.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

3