IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OTIS LEE RODGERS,
a.k.a. WILLIE J. RODGERS,

        Petitioner,                   Case No. 2:14-cv-00453
                                           Judge Frost
      v.                                   Magistrate Judge King

STATE OF OHIO, *et al.*,

        Respondents.

ORDER and
REPORT AND RECOMMENDATION

Petitioner, who is currently incarcerated in California, filed an action in the United States District Court for the Central District of California asserting claims for damages under 42 U.S.C. § 1983 in connection with a parole violation detainer lodged against him by the Ohio Adult Parole Authority. *Complaint*, ECF 1. The action was thereafter transferred to the Eastern District of California, *Order*, ECF 4, and petitioner's application for leave to proceed *in forma pauperis* was granted. *Order*, ECF 8. Petitioner's request to transfer the case to this Court, ECF 23, was later granted. *Order*, ECF 24. This Court dismissed petitioner's claims for monetary damages pursuant to 42 U.S.C. § 1983, but permitted the matter to proceed as an action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Opinion and Order*, ECF 38.[1]

This matter is now before the Court on the *Petition*, ECF 32, Respondents' *Motion to Dismiss*, ECF 54, Petitioner's *Traverse* and *Addendum,* ECF 67, 68, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondents' *Motion to Dismiss*, ECF 54, be **GRANTED** and that this action be **DISMISSED.**

---

[1] Petitioner's appeal from the dismissal of his claims under §1983 remains pending. *Rodgers v. State of Ohio*, Case No. 14-3683 (6th Cir.)

1

**Facts and Procedural History**

On June 9, 1983, following his conviction in the Court of Common Pleas for Cuyahoga County on two counts of kidnapping and three counts of gross sexual imposition, Petitioner was sentenced to an aggregate indeterminate term of imprisonment of fifteen to sixty-five years. *Exhibits A, B, C* to *Motion to Dismiss,* PageID# 335-37.  Petitioner's maximum release date is March 22, 2048.  *Exhibit C* to *Motion to Dismiss*, PageID# 338. In 1992, Petitioner was released on parole to be served in California following service of a sentence imposed by the State of Arizona. *Id.* at PageID# 338, 341; *Exhibits* to *Traverse*, ECF 67, PageID# 413.[2]  Ohio's parole authorities indicated that Petitioner's Ohio parole would remain inactive until the completion of his Arizona sentence; upon his release on the Arizona sentence, Petitioner was to report for supervision in California and to notify Ohio parole authorities.  *Exhibits C, D, E,* to *Motion to Dismiss*, Page ID# 338-41. Petitioner was also directed to notify the Adult Parole Authority "[i]n the event of [his] imprisonment in another state . . . ." *Exhibit D* to *Motion to Dismiss*, PageID# 339. Once activated, Petitioner's parole supervision would continue for at least two years and supervision could be extended or revoked for failure to comply with these directives. *Id.* at PageID# 340. Ohio's parole supervision would not terminate until the State of Ohio granted a final release. *Id.*[3]

On July 12, 2013, the Ohio Adult Parole Authority issued an arrest warrant based on Petitioner's alleged violation of conditions of parole. *Exhibit G* to *Motion to Dismiss*, PageID# 342.  That warrant was received as a detainer against Petitioner's release from the custody of the Department of Corrections and Rehabilitation in California, where Petitioner is currently

---

[2] It is unclear to the Court whether Petitioner's transfer to parole supervision in California was effected pursuant to the Interstate Compact for the Supervision of Adult Offenders, *see* O.R.C. 5149.21.

[3] Petitioner expressly denies that he ever received a copy of *Exhibit D* to *Motion to Dismiss*. *Traverse*, ECF 67, PageID# 413.

confined. *Id.* at PageID# 343. Petitioner is scheduled to be released from confinement by California on August 24, 2015. *Id.* There is no evidence that Petitioner has been granted a certificate of final release from parole by Ohio. *See* O.R.C. § 2967.16.

Petitioner challenges Ohio's parole violation proceedings, taking the position that he fully satisfied his parole obligations while serving his Arizona sentence; therefore, Petitioner contends, his Ohio parole had expired prior to the issuance of the warrant against him. Petitioner contends that Ohio lacks jurisdiction to hold him beyond the expiration of his California sentence and complains that the Ohio parole board waited too long before issuing the parole violation warrant. As noted *supra*, Petitioner denies having been advised that his Ohio parole would continue beyond the expiration of his Arizona sentence; he alleges generally that Respondents have falsified or manufactured documents. Petitioner also complains that he was denied a hearing prior to his adjudication as a parole violator. The *Petition* asks that Ohio's parole violation warrant be declared invalid.[4]

Respondents contend that Petitioner has failed to exhaust his claims and that, in any event, his claims offer no basis for federal habeas corpus relief.

**Exhaustion**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999);

---

[4] Much of Petitioner's *pro se*, handwritten pleadings are difficult to decipher.

*Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990). But where alternative state remedies are available to consider the same claim, exhaustion of only one of those remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n. 3 (6th Cir. 1987).

Respondent contends that the proper avenue of exhaustion is found in the Ohio Administrative Code, which establishes procedures governing parole revocation hearings. Ohio Admin. Code § 5120:1-1-18.  Moreover, a final parole revocation decision may be challenged in a state habeas corpus petition. *Motion to Dismiss*, PageID# 328-29 (citing *State ex rel. Johnson v. State Adult Parole Auth.*, 90 Ohio St. 3d 208 (2000); *State ex rel. Jackson v. McFaul*, 73 Ohio St. 3d 185 (1995)).

Petitioner contends that he has exhausted his state court remedies.  In support of this contention, Petitioner has submitted, *inter alia*, various letters from the Ohio Correctional Institution Inspection Committee advising him to contact the Ohio Adult Parole Authority regarding his claims, *Traverse* ECF 67, PageID# 434-35, 438-440; a letter from the Disciplinary Counsel of the Ohio Supreme Court, PageID# 436-37; a rejection of an appeal from the California Substance Abuse Treatment Facility, PageID# 441, 443-44 (advising him to contact the Ohio parole board); a motion to dismiss filed by the Cuyahoga County Prosecutor in response to a petition for a writ of habeas corpus Petitioner apparently filed in the Court of Common Pleas for Cuyahoga County, PageID# 453-59; a decision of the Ohio Tenth District Court of Appeals denying Petitioner's petition for a writ of habeas corpus, *Judgment Entry,* PageID# 462; a letter from the Clerk of the Ohio Supreme Court returning Petitioner's petition for a writ of habeas corpus based on Petitioner's failure to comply with the Rules of Practice of

the Ohio Supreme Court, PageID# 464; and various other letters or documents from other state agencies in apparent response to Petitioner's inquiries.

It appears that Petitioner has filed or attempted to file at least three (3) habeas corpus actions in Ohio courts. *See Traverse*, PageID# 453-59 (a motion to dismiss a petition for a writ of habeas corpus apparently filed by Petitioner in the Court of Common Pleas for Cuyahoga County); *Traverse*, *Judgment Entry,* PageID# 462 (a decision of the Ohio Tenth District Court of Appeals denying Petitioner's petition for a writ of habeas corpus for lack of jurisdiction); *Traverse*, PageID# 464 (letter from the Clerk of the Ohio Supreme Court returning Petitioner's petition for a writ of habeas corpus based on Petitioner's failure to pay the filing fee and failure to comply with the Rules of Practice of the Ohio Supreme Court governing waiver of the filing fee).

Without resolving the issue of exhaustion, this Court concludes that the *Petition* offers no basis for relief. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The record fails to support Petitioner's claim that his parole in Ohio expired prior to the issuance of the parole violator warrant. Under Ohio law, a parolee remains in the custody of the Ohio Department of Rehabilitation and Correction until the Ohio Adult Parole Authority grants the parolee "a final release." O.R.C. § 2967.02(C), (D). There is no evidence that Petitioner has ever been granted a final release from parole by Ohio. *See also Palmer v. Ghee*, 117 Ohio App. 3d 189 (Ct. App. 3d Dist. 1997)(Ohio parole authority is not estopped by its failure to promptly pursue parolee who had not been granted a certificate of final release). In any event, the Ohio parole board is not required to pursue parole revocation proceedings while Petitioner remains in the custody of California pursuant to a new criminal

conviction. Federal law requires only that a parole revocation hearing be held within a reasonable time after the state has secured custody of the parolee by executing the detainer and returning the parolee to the institution from which he was paroled. In *Moody v. Daggett*, 429 U.S. 78 (1976), the United States Supreme Court held that there is no constitutional duty to provide a parolee an adversary parole revocation hearing until he is taken into custody as a parole violator by execution of the warrant:

> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from [the convictions for which he is currently incarcerated]. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the [Parole] Board's intent to defer consideration of parole revocation to a later time.

*Id*. at 86. *Accord Santiago-Fraticelli v. Thoms*, 221 F.3d 1336 (6th Cir. 2000)(unpublished); *Myers v. Davenport*, 2:06-cv-247, 2006 WL 1705180 (S.D. Ohio June 16, 2006). In short, until Ohio's parole violator warrant is executed, Petitioner's constitutional right to a hearing has not vested. To the extent that Petitioner may intend to allege a violation of Ohio law, any such claim cannot form the basis for federal habeas corpus review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondents' *Motion to Dismiss*, ECF 54, be **GRANTED** and that this action be **DISMISSED.**

In light of the foregoing, Petitioner's *Motion for Leave to Request Documents*, ECF 43, *Motion for an Order* directing the seizure of necessary documents, ECF 48, *Motion for Ancillary Order* and *Renewed Motion for Ancillary Order,* ECF 52, 60, *Motion for Counsel and Discovery,* ECF 57, *Motion for Appointment of Investigator*, ECF 61, *Motion to Strike*, ECF 71, and *Motion for Telephonic Hearing,* ECF 72, and Respondent's *Motion to Strike Petitioner's Motion for the Appointment of an Investigator,* ECF 66, are **DENIED.**

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may also submit arguments regarding whether a certificate of appealability should issue.


December 10, 2014                               *s/ Norah McCann King*
                                                                  Norah McCann King
                                                                  United States Magistrate Judge