```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

**OTIS LEE RODGERS,**

      **Petitioner,**

                                                         **Civil Action 2:14-cv-453**
   **vs.**                                              **Judge Frost**
                                                    **Magistrate Judge King**

**STATE OF OHIO,** *et al.***,**

      **Respondents.**

## OPINION AND ORDER

Petitioner, who is currently incarcerated in California, filed an action in the United States District Court for the Central District of California asserting claims for damages under 42 U.S.C. § 1983 in connection with a detainer lodged against him by the Ohio Adult Parole Authority. ECF No. 1.  The action was thereafter transferred to the Eastern District of California, *Order*, ECF No. 4, and petitioner's application for leave to proceed *in forma pauperis* was granted. *Order*, ECF No. 8. Petitioner's request to transfer the case to this Court, ECF 23, was also granted. *Order*, ECF No. 24. Petitioner thereafter filed a *Petition for a Writ of Habeas Corpus*, ECF No. 32, and his claims for monetary damages under 42 U.S.C. § 1983 were dismissed. *Opinion and Order*, ECF No. 38.[1]

On December 10, 2014, the United States Magistrate Judge recommended that respondent's *Motion to Dismiss*, ECF No. 54, be granted.  *Order and Report and Recommendation*, ECF No. 73.  This matter is now before the Court on petitioner's objections to that

---

[1] Petitioner's appeal from the dismissal of his claims under § 1983 remains pending.  *Rodgers v. State of Ohio*, Case No. 14-3683 (6th Cir.).

1

recommendation, *Objection*, ECF No. 76. Petitioner has also filed motions for leave to supplement those objections. *Motion for Extension of Time to Supplement the Objections,* ECF No. 77; *Motion for Leave to File Supplemental Objections,* ECF No. 81. The latter motion appears to be petitioner's supplemental objections.

Petitioner's motions for leave to supplement his objections, ECF Nos. 77, 81, are **GRANTED**. In considering petitioner's objections to the Magistrate Judge's recommendations, the Court will consider all of petitioner's filings.

The Magistrate Judge summarized the facts relevant to the resolution of this case, as well as petitioner's claims, as follows:

> On June 9, 1983, following his conviction in the Court of Common Pleas for Cuyahoga County on two counts of kidnapping and three counts of gross sexual imposition, Petitioner was sentenced to an aggregate indeterminate term of imprisonment of fifteen to sixty-five years. *Exhibits A, B, C* to *Motion to Dismiss,* PageID# 335-37. Petitioner's maximum release date is March 22, 2048. *Exhibit C* to *Motion to Dismiss*, PageID# 338. In 1992, Petitioner was released on parole to be served in California following service of a sentence imposed by the State of Arizona. *Id.* at PageID# 338, 341; *Exhibits* to *Traverse*, ECF 67, PageID# 413. Ohio's parole authorities indicated that Petitioner's Ohio parole would remain inactive until the completion of his Arizona sentence; upon his release on the Arizona sentence, Petitioner was to report for supervision in California and to notify Ohio parole authorities. *Exhibits C, D, E,* to *Motion to Dismiss*, Page ID# 338-41. Petitioner was also directed to notify the Adult Parole Authority "[i]n the event of [his] imprisonment in another state . . . ." *Exhibit D* to *Motion to Dismiss*, PageID# 339. Once activated, Petitioner's parole supervision would continue for at least two years and supervision could be extended or revoked for failure to comply with these directives. *Id.* at PageID# 340. Ohio's parole supervision would not terminate until the State of Ohio granted a final release. *Id.*
> On July 12, 2013, the Ohio Adult Parole Authority issued an arrest warrant based on Petitioner's alleged

> violation of conditions of parole. *Exhibit G* to *Motion to Dismiss*, PageID# 342. That warrant was received as a detainer against Petitioner's release from the custody of the Department of Corrections and Rehabilitation in California, where Petitioner is currently confined. *Id.* at PageID# 343. Petitioner is scheduled to be released from confinement by California on August 24, 2015. *Id.* There is no evidence that Petitioner has been granted a certificate of final release from parole by Ohio. *See* O.R.C. § 2967.16.
>
> Petitioner challenges Ohio's parole violation proceedings, taking the position that he fully satisfied his parole obligations while serving his Arizona sentence; therefore, Petitioner contends, his Ohio parole had expired prior to the issuance of the warrant against him. Petitioner contends that Ohio lacks jurisdiction to hold him beyond the expiration of his California sentence and complains that the Ohio parole board waited too long before issuing the parole violation warrant. As noted *supra*, Petitioner denies having been advised that his Ohio parole would continue beyond the expiration of his Arizona sentence; he alleges generally that Respondents have falsified or manufactured documents. Petitioner also complains that he was denied a hearing prior to his adjudication as a parole violator. The *Petition* asks that Ohio's parole violation warrant be declared invalid.

*Order and Report and Recommendation*, ECF No. 73, pp. 2-3 (footnotes omitted). Without definitively determining the issue of exhaustion, the Magistrate Judge concluded that the *Petition* affords no basis for federal habeas corpus relief:

> The record fails to support Petitioner's claim that his parole in Ohio expired prior to the issuance of the parole violator warrant. Under Ohio law, a parolee remains in the custody of the Ohio Department of Rehabilitation and Correction until the Ohio Adult Parole Authority grants the parolee "a final release." O.R.C. § 2967.02(C), (D). There is no evidence that Petitioner has ever been granted a final release from parole by Ohio. *See also Palmer v. Ghee*, 117 Ohio App. 3d 189 (Ct. App. 3d Dist. 1997)(Ohio parole authority is not estopped by its failure to promptly pursue parolee who had not been granted a certificate of final release). In any event, the Ohio parole board is not required to pursue parole revocation proceedings while Petitioner remains in the custody of California pursuant to a new criminal conviction. Federal law requires only that

3

> a parole revocation hearing be held within a reasonable time after the state has secured custody of the parolee by executing the detainer and returning the parolee to the institution from which he was paroled. In *Moody v. Daggett*, 429 U.S. 78 (1976), the United States Supreme Court held that there is no constitutional duty to provide a parolee an adversary parole revocation hearing until he is taken into custody as a parole violator by execution of the warrant:
>> Petitioner's present confinement and consequent liberty loss derive not in any sense from the outstanding parole violator warrant, but from [the convictions for which he is currently incarcerated]. Issuance of the warrant and notice of that fact to the institution of confinement did no more than express the [Parole] Board's intent to defer consideration of parole revocation to a later time.
>
> *Id*. at 86. *Accord Santiago-Fraticelli v. Thoms*, 221 F.3d 1336 (6th Cir. 2000)(unpublished); *Myers v. Davenport*, 2:06-cv-247, 2006 WL 1705180 (S.D. Ohio June 16, 2006). In short, until Ohio's parole violator warrant is executed, Petitioner's constitutional right to a hearing has not vested. To the extent that Petitioner may intend to allege a violation of Ohio law, any such claim cannot form the basis for federal habeas corpus review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988).

*Order and Report and Recommendation*, ECF No. 73, pp. 5-6. The Magistrate Judge therefore recommended that the action be dismissed. *Id.*

This Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

Petitioner argues that, because his parole was inactive while he was in the custody of Arizona, it cannot be reactivated without notice and a hearing that conforms to constitutional notions of due process. Petitioner also argues that he satisfied his 2 year minimum term of parole while in custody in Arizona. He again denies, as he did before the Magistrate Judge, that he ever received parole instructions

4

following his release from confinement in Arizona. However, these contentions miss the mark. Petitioner was sentenced in 1983 to an aggregate indeterminate term of imprisonment of up to 65 years, or until 2048. Under Ohio law, a parolee remains in the custody of the Ohio Department of Rehabilitation and Correction until the Ohio Adult Parole Authority grants the parolee "a final release." O.R.C. § 2967.02(C), (D). There is no evidence that Petitioner has ever been granted a final release from parole by Ohio. Moreover, Ohio is not required by the United States Constitution to pursue parole revocation proceedings so long as petitioner remains in his current custody of California. *See Moody v. Daggett*, 429 U.S. at 86; *Santiago-Fraticelli v. Thomas*, 221 F.3d 1336. To the extent that petitioner intends to assert a violation of state law or argue that the State of Ohio is estopped, by the passage of time, from pursuing its detainer, petitioner remains free to do so in connection with state parole revocation proceedings, whenever those proceedings are instituted.

In short, petitioner's objections to the recommendation of the Magistrate Judge, *Objection*, ECF Nos. 76, 81, are **DENIED**. The *Report and Recommendation*, ECF No. 73, is **ADOPTED AND AFFIRMED**. Respondent's *Motion to Dismiss*, ECF No. 54, is **GRANTED**.

Petitioner's *Motion to Compel*, ECF No. 82, and *Motion to Postpone the Non-Oral Hearing Date*, ECF No. 84, are **DENIED as moot**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

                                              /s/    Gregory L. Frost
                                                   Gregory L. Frost
                                    United States District Judge